## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ALABAMA

In re: )
)
CLEARPOINT CHEMICALS, LLC, ) CASE NO: 20-12274-JCO-11
)
Debtor. )

## MEMORANDUM OPINION AND ORDER GRANTING LIMITED RELIEF FROM STAY

This matter came before the Court on the Motion for Relief from the Automatic Stay (Doc. 198)(the "Motion") of ServisFirst Bank ("ServisFirst") and the Objection thereto by the Debtor (Doc. 226) (the "Objection"). Proper notice was given and appearances were noted on the record. Having considered the record, pleadings, exhibits and arguments of counsel, this Court finds that ServisFirst's Motion is due to be and is hereby GRANTED for the reasons set forth below.

### JURISDICTION

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and §1334 and the Order of Reference of the District Court. This Court has the authority to enter a final order. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

### FINDINGS OF FACT

ServisFirst extended pre-petition loans to the Debtor with outstanding indebtedness approximating $3,362,635.00 as of the Petition Date. ServisFirst's loans are secured by assets of the Debtor including accounts receivable, equipment and inventory. (Doc. 226). In November 2018, the Debtor entered into an Advance Plus Revolving Credit and Security Agreement with Marquette Commercial Finance, a division of Marquette Transportation Finance (hereinafter

1

"MCF")[1] which provided for the factoring of Debtor's receivables ("Factoring Agreement"). (Doc. 5). To facilitate the Factoring Agreement, ServisFirst entered into an Intercreditor Agreement ("IA") with MCF providing MCF priority over ServisFirst in certain Debtor assets. (Doc. 196, Ex. A). The Debtor is not a party to the IA. (Doc 226). Pursuant to its terms, the IA remains in effect until such time as it is terminated by one party giving the other party at least 60 days' prior written notice. (Doc. 198, Ex. A). Termination of the IA will return MCF and ServisFirst to the lien positions they held prior to the IA, with ServisFirst having priority over MCF in Debtor's accounts receivable. (*Id.*). The Debtor's post-petition revenues have fallen substantially short of its projections. (Doc. 198, Ex B).

ServisFirst seeks to terminate the Intercreditor Agreement and asserts that: (1) relief from the stay is not required since it is a contract between two non-debtors as to their respective priority to which the Debtor is not a party and (2) even if the Debtor is deemed to have standing to object to termination of the Agreement, cause exists to grant relief because ServisFirst is not adequately protected. The Debtor objects to the relief on the basis that: (1) termination of the Agreement will adversely affect the Debtor's prospects of reorganization and (2) the Court should employ §105(a) to enjoin non-debtor, ServisFirst's termination of its agreement with non-debtor, MCF.

## ANALYSIS

### Automatic Stay Inapplicable

The initial issue for the Court to address is whether the automatic stay applies to cancellation of a non-debtor's contractual relationship with another non-debtor concerning lien priority. The filing of a bankruptcy petition operates as a stay, applicable to all entities, of

. . .

---

[1] The Court notes that UMB Capital Finance, a division of UMB Bank, N.A.("UMB") acquired MCF and became its successor in interest (Doc. 10 at 1) and as such intends this Order to have full force and effect as to UMB as well.

(**4**) any act to create, perfect, or enforce any lien against property of the estate;

(**5**) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; . . .

11 U.S.C. §362 (a)(4)(5).

Although the scope of the automatic stay is broad, the clear language of the statute prevents actions only against debtors and actions to obtain possession of property of the estate. 11 U.S.C. § 362(a). The automatic stay does not, in general, apply to actions against third parties. *In re Jefferson Cty., Ala.*, 491 B.R. 277 (Bankr. N.D. Ala. 2013); *In re Panther Mountain Land Dev., LLC*, 686 F.3d 916, 921 (8th Cir. 2012); *Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F.3d 816, 825 (5th Cir. 2003). "The only exception to this rule that any of the circuits recognize seems to relate only to nonbankrupt codefendants in 'unusual circumstances.' " *Croyden Assoc's v. Alleco, Inc.,* 969 F.2d 675, 677 (8th Cir.1992) (quoting *A.H. Robins Co. v. Piccinin,* 788 F.2d 994, 999 (4th Cir.1986)). The unusual circumstances in which the bankruptcy court can stay cases against non-debtors are rare and generally involve situations in which there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party and the action against the third-party will in effect be a finding against the debtor. *Reliant Energy Servs., Inc. v. Enron Canada Corp.,* 349 F.3d 816, 825 (5th Cir. 2003); *Ritchie Capital Mgmt., L.L.C. v. Jeffries,* 653 F.3d 755, 762 (8th Cir.2011). The primary rationale for refusing to extend the automatic stay to non-debtor third parties is to ensure that creditors obtain protection that they sought and received when they entered into a contract. *McCartney v. Integra Nat. Bank*, 106 F.3d 506 (3d Cir. 1997).

The automatic stay does not prohibit termination of the Intercreditor Agreement ("IA") between ServisFirst and MCF. ServisFirst and MCF are non-debtor entities. The Debtor is not a party to the IA and the terms thereof do not require consent or participation of the Debtor for termination. Further, termination of the IA only pertains to lien priority between the two non-parties and does not serve to create, perfect or otherwise enforce any lien against the Debtor or Property of the Estate. There is no dispute that ServisFirst and MCF acquired liens on the Debtor's property prior to the bankruptcy and termination of the IA simply restores such non-debtor interests as contemplated and allowed by the terms of their contractual agreement. This Court does not construe the automatic stay to encompass contractual agreements by non-debtors and does not find enlargement of its protections warranted in the context of this Motion for Relief.

## Lack of Adequate Protection

Further, even if the automatic stay was deemed applicable to what is essentially a subordination agreement between two non-debtors, the facts of this case would nonetheless warrant granting relief to terminate the IA . The Bankruptcy Code provides that on request of a party in interest and after notice and a hearing, the court <u>shall</u> grant relief from the stay by terminating, annulling, modifying, or conditioning such stay for cause, including the lack of adequate protection of an interest in property of such party in interest. 11 U.S.C. §362(d)(1). ServisFirst has, in the view of this Court, demonstrated a lack of adequate protection based upon the present trajectory of the Debtor's financial situation. Specifically, the fact that the Debtor's post-petition revenues have fallen far below its projections is understandably troubling for a creditor noting an increase in its indebtedness accompanied by a decrease in the value of its collateral. As ServisFirst has only sought limited relief to protect its interest and preserve its lien

4

position as opposed to another non-debtor entity, in the event the stay was otherwise applicable, the Court finds ServisFirst has shown sufficient cause exists to grant relief for the limited purpose of initiating the process to terminate the IA.

Insufficient Justification for Exercise of Court's §105(a) Powers

Recognizing that the automatic stay does not prevent ServisFirst from terminating its contractual agreement with non-debtor MCF, this Court now considers the Debtor's request that the Court employ its equitable powers to prevent ServisFirst from exercising is contractual rights. Bankruptcy courts possess equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C §105(a). However, such powers may not be exercised in contravention of the Code. *Law v. Siegel*, 571 U.S. 415, 421, 134 S. Ct. 1188, 1194, 188 L. Ed. 2d 146 (2014). The power granted to bankruptcy courts to issue "necessary or appropriate" orders, process, or judgments should be applied sparingly. 11 U.S.C.A. § 105(a); *In re Murphy*, 493 B.R. 576 (Bankr. D. Colo. 2013). In exercising its equitable powers, the bankruptcy court must weigh the benefit of extending equitable relief against the attending harm suffered by those against whom it is imposed. *In re Hale*, 980 F.2d 1176, Bankr. L. Rep. (CCH) ¶ 75011 (8th Cir. 1992).

Although this Court recognizes that it possesses equitable powers to issue orders necessary to carry out the provisions of the Code and is cognizant that some courts have employed §105 to enjoin actions against non-debtors in exceptional circumstances, it is not convinced that such relief is appropriate on the evidence presently before it. This Court considers the Debtor's defense to the Motion tantamount to a request for injunctive relief. Injunctive relief is an extraordinary remedy and the party seeking it carries the burden of

5

establishing: (1) a strong probability of success on the merits;(2) irreparable injury to the movant if the relief sought is not granted;(3) granting injunctive relief will not cause substantial harm to the party against whom the injunctive relief is granted; and(4) the public interest will be best served by issuing the preliminary injunction. *In re Otero Mills, Inc.,* 25 B.R. 1018 (D.C.1982); *Matter of Old Orchard Inv. Co.,* 31 B.R. 599 (D.C.1983); *In re Myerson & Kuhn,* 121 B.R. 145 (Bankr.S.D.N.Y.1990).

Although the Debtor contends that the business reality of allowing termination of the IA is that MCF will discontinue factoring the Debtor's receivables, this Court is not satisfied that such would in fact be a direct and instantaneous result of such notice and even it if were, that it would constitute immediate and irreparable harm to the Debtor. The Debtor is not a party to the IA and has no rights therein; hence, it has not established that it has a likelihood of succeeding on the merits in any action to interfere with the contractual relationship of two non-debtor entities. Additionally, even if termination of the IA results in cessation of the Factoring Agreement, the timeline upon which that may occur has not been shown. Nor has the Debtor proven that it cannot operate or reorganize absent the Factoring Agreement or for that matter, that it will succeed with the Factoring Agreement. This is especially true given that the Debtor has previously obtained Orders Authorizing the Use of Cash Collateral (Doc. 197) and Post Petition Financing (Doc. 174) permitting Debtor's use of the accounts receivable and allowing it to borrow to meet its obligations. Affording ServisFirst the remedy sought will not ultimately diminish the Debtor's receivables or allow ServisFirst to take any direct action to collect therefrom absent further order of this Court. In actuality, although the timing of the receivables may be altered, in the event the Factoring Agreement is discontinued, the receivables should conceivably be greater when collected absent fees associated with factoring.

6

Further, in assessing the potential harm to ServisFirst, the Court recognizes that pursuant to the terms of the IA, a termination notice will not become effective for 60 days. In light of the present financial situation of the Debtor, forestalling ServisFirst from cancelling the IA not only deprives it of its contractual remedies against a non-debtor, but also prevents it from protecting its priority, thereby jeopardizing its overall recovery on its secured debt. Hence, the Court finds there is a risk of substantial harm to ServisFirst if it is prohibited from terminating the IA. Moreover, this Court concurs with decisions espousing that as a matter of public policy, caution should be exercised to limit the circumstances in which §105 powers are employed to avoid a risk that the specific provisions of the Bankruptcy Code are rendered ineffectual. Specifically, in this case, employing equitable powers to afford stay protection to a non-debtor creditor at the expense of another non-debtor creditor while disregarding a showing of cause for relief from the stay, not only expands the plain language of §362 but also ignores other provisions thereof and is a leap this Court does not deem appropriate in the present posture of this case and therefore is unwilling to take in the context of the Motion before it.

<u>Debtor's Additional Arguments in Favor of Extraordinary Relief Not Well Taken</u>

The Court does not find *In re Hollister Constructions Services, LLC,* 617 B.R. 45 (Bankr. D. N.J. 2020) or the estoppel argument presented by the Debtor in support of its position to be applicable. The *Hollister* decision is not binding precedent in this jurisdiction and the facts, although somewhat involved, are materially distinguishable from this case. Further, *Hollister* relied heavily on New Jersey state law. To the extent that Debtor cited Hollister to demonstrate the Court's equitable powers, the Court has opined hereinabove that it in fact possesses such powers, it simply does not find adequate justification to employ them in this instance. The Court

7

otherwise does not find the *Hollister* decision sufficiently pertinent to the analysis before it to warrant further discussion.

Additionally, although the Debtor alleged that ServisFirst should be estopped from terminating the IA by virtue of the Final Order Approving the Factoring Agreement ("Factoring Order")( Doc. 216), this Court does not find such argument meritorious. Specifically, the plain language of Factoring Order reflects that MCF's post-petition security interest and replacement lien remains "subject to the terms of the Intercreditor Agreement". (Doc.216). Hence, the relief sought by ServisFirst is not inconsistent with the Factoring Order or the prior position of ServisFirst and therefore, the Debtor's estoppel argument is not applicable.

## CONCLUSION

For the reasons noted above, this Court finds that ServisFirst's Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. §362 is due to be and is hereby GRANTED in that it is not precluded by the Automatic Stay from terminating the Intercreditor Agreement. This Order shall not however, be construed to permit ServisFirst to take any direct actions against the Debtor or Property of the Estate absent further order of this Court.

Dated: December 18, 2020

JERRY C. OLDSHUE, JR.
U.S. BANKRUPTCY JUDGE